UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOCAL 1703 OF THE INTERNATIONAL :
ASSOCIATION OF FIREFIGHTERS, AFL-CIO, :
                                 *Plaintiff,* :

vs.                                                                    : C.A. No. 23-

THE TOWN OF TIVERTON and THE :
TIVERTON FIRE DEPARTMENT, :
                                 *Defendants.* :

## VERIFIEDCOMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTORY STATEMENT

1. This is an action for injunctive and declaratory relief filed by the plaintiff, Local 1703 of the International Association of Firefighters, AFL-CIO, ("the Union" or "Local 1703"), the recognized bargaining agent for Tiverton Firefighters, against the Town of Tiverton ("Town"). This action is predicated on the Town's enactment of a social media policy on October 12, 2023, and is claimed by Local 1703 to violate its rights under the first amendment to the United States Constitution to comment on matters of public concern, and of its right to association, both in violation of 42 U.S.C. § 1983.

### JURISDICTION

2. This Honorable Court has jurisdiction over the plaintiff's claims of

1

constitutional violations, as asserted under 42 U.S.C. § 1983 under the provisions of 28 U.S.C. § §1331 and 1343, respectively.

## PARTIES

3. The plaintiff, Local 1703 of the International Association of Firefighters, AFL-CIO, is the recognized bargaining agent for members of the Tiverton Fire Department up through the rank of Battalion Chief.

4. The Town of Tiverton is a municipal corporation organized under a charter enacted by the Rhode Island General Assembly and, at all times, acted under the color of state law.

5. The Tiverton Fire Department is a sub-division of the Town of Tiverton that is organized under the Charter of the Town of Tiverton, and, at all times acted under the color of state law.

## FACTUAL ALLEGATIONS

6. On or about October 12, 2023, the Tiverton Fire Department, under the direction of the Town of Tiverton, enacted a social media policy. (A copy of the October 12, 2023 social media policy is attached hereto as Exhibit 1, and is incorporated by reference herein.)

7. Previously, in 2007, the Tiverton Fire Department had issued Rules and Regulations which govern, inter alia, social media and communications. (A copy of the 2007 Tiverton Fire Department Rules and Regulations are attached as

Exhibit 2 and incorporated by reference herein.

8. Chapter 4, Paragraph 18, of Exhibit 2 provides that:

" Members shall not discuss for publication matters concerning the Department without the approval of the Chief of the Department or the Town Administrator."

9. Chapter 4, Paragraph 19, of Exhibit 2 provides that:

"Members shall not deliver any address, lecture or speech on Department matters without the approval of the Chief of the Department. Request for such approval shall be forwarded through official channels."

10. The Tiverton Fire Department has a minimum manning of seven (7) members per shift, as provided in a collective bargaining agreement between the plaintiff, Local 1703, and the Town.

11. Since January 1, 2023 six (6) members of the thirty-two (32) members of the Tiverton Fire Department have left the department for employment with other fire departments in Rhode Island.

12. As a result of the fact that six (6) members of the Tiverton Fire Department have left the employ of the department, the remaining members have been required to work additional hours, increasing the department's overtime budget.

13. Under the decision of the Rhode Island Supreme Court in <u>Narragansett v. I.A.F.F., Local 1589,</u> 380 A.2d 521 (1977), issues of minimum manning must be bargained because minimum manning impacts the safety of firefighters.

14. Since the six (6) members left the Tiverton Fire Department since January of 2023, Local 1703 has commented on a social media account concerning issues of safety and other issues of public concern.

15. In response to the Union's social media postings concerning issues of of safety and other issues of public concern, the Town of Tiverton, on October 12, 2023, enacted a social media policy (October 12, 2023 Social Media Policy).

16. The October 12, 2023 Social Media Policy violates the rights of Local 1703 under the first amendment to the United States Constitution for the following reasons:

> - "The policy prohibits Tiverton Fire Department personnel from 'sharing, posting, transmitting, or otherwise disseminating any information to which they have access as a result of their official status of the Tiverton Fire Department without the expressed written permission from the Fire Chief or designee. This includes both on-duty and off duty.'"

17. The provision cited above in paragraph 16 violates the first amendment of the United States Constitution because requiring that a Tiverton firefighter, and member of Local 1703, first obtain permission from the Chief the defendant, Tiverton Fire Department, before "disseminating any information to which they have access as a result of their official status of the Tiverton Fire Department" is an impermissible prior restraint on permissible free speech.

18. The provision cited above in paragraph 16 violates the first amendment of the United States Constitution because the prohibition against "disseminating

any information to which they have access as a result of their official status of the Tiverton Fire Department" is overly broad in that this prohibition would prevent members of Local 1703 from:

- Speaking on matters of public concern on social media to the public;

- Speaking on matters of public concern to the Tiverton Town Council;

- Having internal discussions with other union members concerning that are of concern to the Union;

- Making complaints to public authorities under the so-called Rhode Island Whistleblower's Act, Rhode Island General Laws 28-50-1, *et seq.*.

- Reporting child abuse to police departments. It should be noted that as Emergency Medical Technicians ("EMTs") members of the Tiverton Fire Department are mandatory reporters of any child abuse allegations.

19. Under the first amendment to the United States Constitution members of Local 1703have the right to associate with one another to accomplish the goals of the Union, including, but not limited to, advocating for all of the terms and conditions of their employment and to advocate for the settlement and adjustment of grievances and litigation. See United Transportation Union v. Michigan Bar, 401 U.S. 576 (1971).

20. Under Rhode Island law, a union stands in a fiduciary relationship with its members. See McDonald v. Local Union 1033, 505 A.2d 1176 (R.I. 1986).

21. Local 1703 is organized under the provisions of the Rhode Island Firefighters' Arbitration Act, Rhode Island General Laws § 28-9.1-5, which

provides:

> "The labor organization selected by the majority of firefighters in any city or town shall be recognized by the city or town as the sole and exclusive bargaining agent for all of the members of the city or town fire department unless and until recognition of the labor organization is withdrawn by vote of a majority of the firefighters. The labor organization or city or town may designate any person or persons to negotiate or bargain on its behalf; provided, that the person or persons so designated shall be given authority to enter into and conclude an effective and binding collective bargaining agreement."

22. There currently exists a Facebook webpage that is in the name of the Tiverton Firefighters' Union, wherein members of Local 1703 have created "posts" that bring to public's attention issues of staffing, manpower and the overall readiness of the Tiverton Fire Department to respond to calls for service.

23. Under the first amendment to the United States Constitution, the membership of Local 1703 has the right to make public statements, including Facebook "posts" on its Facebook webpage, concerning matters of public concern. See Providence Firefighters v. City of Providence, 26 F.Supp.2d 350 (D.R.I. 1998); Brady v. Tamburini, 518 F.Supp.3d 570 (D.R.I. 2021).

24. On October 12, 2023, the Tiverton Fire Department announced its intention to investigate members of the executive board of Local 1703 in relation to Facebook "posts" made on the Local 1703 Facebook webpage.

25. At all times pertinent hereto, all of the "posts" made by members of Local 1703 on the Local 1703 Facebook page were protected by the first

amendment of the United States Constitution because each post was narrowly directed towards matters of public interest.

26. By notifying members of the executive board of Local 1703 that it intended to investigate Facebook "posts" made on the Local 1703 webpage, the Town of Tiverton and Tiverton Fire Department have chilled the exercise of the Union's first amendment rights to free expression and of its rights of association with like-minded persons, such as other members of Local 1703, in order to work toward common goals, in violation of the first amendment to the United States Constitution.

27. The Tiverton Fire Department has notified at least one member of the executive board of Local 1703 that the member must attend an investigative meeting on October 19, 2023 and that the member would be compelled to answer questions, even if the answers would incriminate the member.

28. Although not explicitly mentioned in the letter to the member of the executive board, it is clear from other communications with members of Local 1703 that the member will be compelled to answer questions concerning "posts" made on the Local 1703 Facebook page.

29. The act of the Tiverton Fire Department in compelling a member of the executive board of the Union to answer questions concerning Facebook "posts" on the Local 1703 Facebook webpage forces the member of the executive board, by

necessity, to reveal fiduciary communications between Union members.

30. The act of the Tiverton Fire Department in compelling a member of the executive board of the Union to answer questions concerning Facebook "posts" on the Local 1703 Facebook webpage violates the rights of members of Local 1703 to free association guaranteed under the first amendment to the United States Constitution, as the actions chill the exercise of free expression and violate the fiduciary-based right to privacy enjoyed by members of Local 1703.

## COUNT ONE
## OCTOBER 12, 2023 SOCIAL MEDIA POLICY
## 2007 RULES AND REGULATIONS

31. The plaintiff, Local 1703 hereby incorporates by reference each and every allegation set forth above in paragraphs 1 through 30 above.

32. The Social Media policy enacted by the Tiverton Fire Department on October 12, 2023 violates the first amendment of the United States Constitution because the policy constitutes a prior restraint on protected speech.

33. The Social Media policy enacted by the Tiverton Fire Department on October 12, 2023 violates the first amendment of the United States Constitution because the policy, as applied to members of the plaintiff, Local 1703, prohibits union members from commenting on matters of public concern.

34. The Social Media policy enacted by the Tiverton Fire Department on October 12, 2023 violates the rights of members of Local 1703 to associate with

each other by prohibiting the dissemination of communications that must be made in order to accomplish the goals of the Union to advocate for the terms and conditions of employment of its members.

35. Paragraph 18 of Chapter 4 of the Tiverton Fire Department Rules and Regulations violates the rights of members of the Union under the first amendment of the United States Constitution, as the members of the Union are prohibited from commeningt on matters of public concern.

36. Paragraph 19 of Chapter 4 of the Tiverton Fire Department Rules and Regulations violates the rights of members of the Union under the first amendment of the United States Constitution, by requiring prior approval before making comments, which constitutes an impermissible prior restraint.

WHEREFORE, the plaintiff demands the following relief:

1. That the Honorable Court declare that the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department is an unconstitutional violation of the rights to free speech of members of Local 1703 for the reasons set forth in paragraph 32.

2. That the Honorable Court declare that the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department is an unconstitutional violation of the rights to free speech of members of Local 1703 for the reasons set forth in paragraph 33.

3. That the Honorable Court declare that the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department is an unconstitutional violation of the rights to free speech of members of Local 1703 for the reasons set forth in paragraph 34.

4. That this Honorable Court issue a temporary restraining order enjoining the defendants, Town of Tiverton and Tiverton Fire Department from implementing or enforcing the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department.

5. That this Honorable Court issue a preliminary injunction enjoining the defendants, Town of Tiverton and Tiverton Fire Department from implementing or enforcing the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department.

6. That this Honorable Court issue a permanent injunction enjoining the defendants, Town of Tiverton and Tiverton Fire Department from implementing or enforcing the October 12, 2023 Social Media policy enacted by the Tiverton Fire Department.

7. That this Honorable Court issue a temporary restraining order enjoining and restraining the defendants, Town of Tiverton and Tiverton Fire Department from enforcing Chapter 4, paragraphs 18 and 19 of the Rules and Regulations, found in Exhibit 2 against 1703 and its members.

8. That this Honorable Court issue a temporary restraining order enjoining and restraining the defendants, Town of Tiverton and Tiverton Fire Department from enforcing Chapter 4, paragraphs 18 and 19 of the Rules and Regulations, found in Exhibit 2 against Local 1703 and its members.

9. That this Honorable Court issue a temporary restraining order enjoining and restraining the defendants, Town of Tiverton and Tiverton Fire Department from enforcing Chapter 4, paragraphs 18 and 19 of the Rules and Regulations, found in Exhibit 2 against Local 1703 and its members.

10. That this Honorable Court award the plaintiff such other and further relief as may be deemed appropriate, including attorney's fees under 42 U.S.C. § 1988, costs, expert fees and any damages incurred by the plaintiff or its members.

        LOCAL 1703 OF THE INTERNATIONAL
        ASSOCIATION OF FIREFIGHTERS,
        AFL-CIO,
        By its attorney,

        /s/Edward C. Roy, Jr.., Esquire  #3029
        EDWARD C. ROY, JR., ESQUIRE
        577 Tiogue Avenue, 2nd Floor
        Coventry, RI 02816
        (401) 823-0488
        (401) 823-0486   Facsimile
        Edward_Roy@hotmail.com

## VERIFICATION

I, Richard Silva, having been duly sworn, hereby make affidavit and depose, under the pains and penalties of perjury.

1. I am the President of the plaintiff, Local 1703 of International Association of Firefighters, AFL-CIO, and, in that capacity, I am authorized to execute this Declaration.

2. I have reviewed the Complaint for Injunctive Relief and, swear, under the pains and penalties of perjury that everything contained therein is true and accurate.

3. As the Union President and as a member of the Union, I am subject to Discipline for violating any of the terms of either the October 12 Social Media Policy (Exhibit 1) or of Chaper 4, paragraphs 18 and 19 of the Tiverton Fire Department Rules and Regulations (Exhibit 2).